IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE BISHOP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3281 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Dale Bishop has filed a letter asking the court to order the Texas Department of Criminal Justice not to transfer Bishop outside of the district. The court will construe this request as motion for a preliminary injunction.

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant a preliminary injunction only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citing *Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir. 2009). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

Because a preliminary injunction is considered "an extraordinary remedy," it is not granted routinely, "but only if the party seeking the injunction has clearly carried the burden of persuasion on all four elements." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 364 (5th Cir. 2003) (internal quotation marks and citation omitted). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Id.* at 363. Even when a movant establishes each of the four *Janvey* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Id.* at 363-64.

Bishop fails to satisfy any of the prerequisites for injunctive relief: He makes no showing of a substantial likelihood of success on the merits, or that he will suffer any harm if he is transferred, and interference by the court in the routine functioning of the Texas prison system disserves the public interest, *see, e.g., Jones v. United States,* 534 F.2d 53, 54 (5th Cir. 1976). Bishop therefore fails to satisfy any of the requirements for injunctive relief, and his motion for a preliminary injunction (Docket Entry No. 75) is denied.

SIGNED this 25th day of January, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge