IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE BISHOP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3281 |
| | § | |
| TEXAS DEPARTMENT, | § | |
| OF CRIMINAL JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Dale Bishop, an inmate in Texas Department of Criminal Justice, alleges that the defendants incorrectly labeled him as a sex offender and seeks damages and injunctive relief for the consequences. Bishop, representing himself, alleges civil rights violations and sues under 42 U.S.C. § 1983. Bishop sued 17 defendants, including the Texas Department of Criminal Justice, the Classification Department, and the Texas Board of Pardons and Paroles. These defendants, who note that the Classification Department is part of the Texas Department of Criminal Justice, moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket Entry No. 46). Bishop responded to the motion. (Docket Entry No. 54) Based on the pleadings, the motions, and the applicable law, the defendants' motion is granted. Bishop's claims against the Texas Department of Criminal Justice, the Classification Department, and the Texas Board of Pardons and Paroles are dismissed with prejudice. The reasons are explained below.

The Texas Department of Criminal Justice, including the Classification Department, and the Texas Board of Pardons and Paroles, argue that they are immune from suit under the Eleventh Amendment. "[I]n the absence of consent a suit in which the State or one of its agencies or

departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Bishop cites *Meza v. Livingston*, 607 F3d 392 (5th Cir. 2010), in support of his argument that these defendants are not immune from suits for injunctive relief. In *Meza*, the plaintiff sued on substantially similar grounds to those in this case. The Fifth Circuit rejected a claim by individual officials of state agencies that the Eleventh Amendment protected them from suit for injunctive relief. *Id.* at 411-12. In the present case, however, the motion to dismiss is brought only by the state agencies themselves, not by an individual defendant who is an official or employee of an agency. These agencies are immune from suit under the Eleventh Amendment. *Pennhurst*, 465 U.S. at 100.

Bishop's claims against the Texas Department of Criminal Justice, the Classification Department, and the Texas Board of Pardons and Paroles are dismissed under the Eleventh Amendment. Because amendment would be futile, the dismissal is with prejudice.

The motion to dismiss by defendants Texas Department of Criminal Justice and Texas Board of Pardons and Paroles, (Docket Entry 46), is **granted.** All claims against the Texas Department of Criminal Justice, the Classification Department, and the Texas Board of Pardons and Paroles are **dismissed with prejudice**.

SIGNED this ___ day of February, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge