IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE BISHOP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3281 |
| | § | |
| TEXAS DEPARTMENT, | § | |
| OF CRIMINAL JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Dale Bishop, representing himself, sued under 42 U.S.C. § 1983, alleging violations of his federally protected civil rights. Bishop's complaint named 17 defendants. On February 16, 2018, this court dismissed Bishop's claims against the Texas Department of Criminal Justice ("TDCJ"), its Classification Department, and the Texas Board of Pardons and Paroles. (Docket Entry No. 77). The remaining defendants are current and former individual officials of the TDCJ and members and Commissioners of the Texas Board of Pardons and Paroles.

The defendants moved for summary judgment, Bishop cross-moved, and the defendants responded to Bishop's motion. (Docket Entry Nos. 63. 64, 67). Based on the pleadings, the motions, the record, and the applicable law, the defendants' motion is granted, Bishop's motion is denied, and the complaint is dismissed with prejudice. Final judgment is separately entered.

The reasons are explained below.

**I.      Background**

Bishop is an inmate in TDCJ. He alleges that in 2010, the defendants incorrectly labeled him as a sex offender and, as a result, he has been denied parole and has been assaulted and harassed by

other inmates. He contends that his classification as a sex offender, the denial of parole, and the failure to protect him from assault, violate his Eighth and Fourteenth Amendment rights. He asks for money damages and an injunction.

Bishop is in custody on this conviction following his guilty plea to an indictment charging him with committing a murder in 1984. Defendants' Exh. A, at 41-43. A police report prepared in connection with the prosecution stated that Bishop "was attempting to have sexual intercourse with the complainant when he started stabbing her repeatedly." *Id.*, at 41. Bishop received a 60-year sentence. *Id.*, at 126-27. Because of the sexual aspects of the murder described in the police report, TDCJ classified Bishop as a sex offender when he was transferred in 2010 to TDCJ from custody in Louisiana. Bishop has not been classified as a sex offender since May 27, 2014, at the latest. *See* Defendants' Exh. A, at 92. It appears that the 2010 to 2014 sex-offender classification was incorrect. Docket Entry No. 64, at 14.

In 2012, defendant Thomas Leeper, a member of Board of Pardons and Paroles, and Roy Garcia and Pamela Freeman, two Board Commissioners, declined to release Bishop on parole. Their written findings stated that "[t]he record indicates that [Bishop] has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release," and "the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that [Bishop] poses a continuing threat to public safety." The findings make no reference to Bishop's sex-offender status. *Id.*, at 2; Defendants' Exh. D, at 1.

Bishop filed a Step 1 grievance, stating that his Institutional Treatment Plan included a requirement for a Sex-Offender Treatment Program even though he was never convicted of a sex

offense. He alleged that this requirement was preventing his release on parole. In response, TDCJ informed Bishop that the nature of his crime had required placing him under a Sex-Offender Treatment Program. Defendants' Exh. C, at 30-31. TDCJ responded to Bishop's Step 2 grievance by noting that the response to the Step 1 grievance was correct. *Id.*, at 32-33.

Bishop also challenged the application of the Sex-Offender Treatment Program by filing suit seeking a writ of habeas corpus in the state courts. The Texas Court of Criminal Appeals denied relief because the issue he raised was not properly addressed in a habeas corpus proceeding. *Ex Parte Bishop*, No. WR-77,969-02 (Tex. Crim. App. June 11, 2014).

The Institutional Treatment Plan issued for Bishop in 2014 did not require him to attend a Sex-Offender Treatment Program and did not treat him as a sex offender. Defendants' Exh. A, at 92. On July 21, 2014, a panel consisting of Leeper and Garcia declined to release Bishop on parole for the same reasons given in the 2012 denial. Defendants' Exh. D. Again, there was no reference to sex-offender classification. Bishop was again denied parole on May 12, 2016. By this point, all references to sex-offender status had been removed from his Institutional Treatment Plan.

The parties have cross-moved for summary judgment. Their motions are analyzed below under the applicable legal standards.

## II. Analysis

### A. The Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed,

and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Eleventh Amendment Immunity

The defendants argue that they are immune from the claims against them for money damages in their official capacities under the Eleventh Amendment. The court agrees. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Bishop cites *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010), in support of his argument that the defendants are not immune from suit for money damages. Bishop misreads *Meza*. In *Meza*, the Fifth Circuit rejected a claim by individual officials of state agencies that the Eleventh Amendment protected them from suit for injunctive relief. *Id.* at 411-12. The defendants in this case, however, assert their Eleventh Amendment immunity only as to Bishop's official-capacity claims for money damages. These defendants are, as *Pennhurst* and *Hafer* make clear, immune from suit for money damages in their official capacities under the Eleventh Amendment. Bishop's official-capacity claims against the defendants for money damages are dismissed.

### C. Denial of Parole

Rissie Owens, David Gutierrez, Thomas Leeper, Conrith Davis, Charles Aycock, and Jackie Denoyelles are current or former members of the Texas Board of Pardons and Paroles. They argue

that they are entitled to absolute immunity from suit to the extent that Bishop is suing over their decisions to deny him parole. They are correct under the applicable law. The Fifth Circuit has held that "parole board members are absolutely immune when performing their adjudicative functions . . ." *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). To the extent that Bishop asserts liability against these defendants for their decisions to deny him parole, they are immune from suit.

### D.     The Statute of Limitations

Bishop alleges that other inmates began harassing and assaulting him based on his improper classification as a sex-offender in October 2010. Complaint (Docket Entry No. 1-1), at 2; MDS at 4. Bishop alleges that he learned that of his classification in 2011. MDS at 1. The defendants argue that Bishop raised these claims too late for the court to consider them.

> Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992). In Texas, the applicable limitations period is two years.

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The cause of action arises "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

Bishop's complaint in this case is dated June 10, 2016. Complaint (Docket Entry No. 1), at 5. That is at least 4 ½ years after 2011, when Bishop acknowledges he learned that he had been improperly classified as a sex offender. Bishop does not identify any basis to delay or extend the

deadline for filing a claim for his improper classification. Bishop's claims concerning his classification as a sex offender without due process are barred by limitations.

### E. The Eighth Amendment Claim

Bishop contends that the defendants violated his Eighth Amendment rights by their deliberate indifference to the risk that he would be harassed and assaulted by other inmates because of his sex-offender classification. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994)(internal quotation marks and citations omitted). Deliberate indifference is more than negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but it is "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Deliberate indifference requires that the defendant is subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregards that risk. *Id.* at 829, 836.

Bishop alleges that an unidentified TDCJ employee passed information to other inmates about his sex-offender classification. (Docket Entry No. 1-1, at 3). He offers no evidence in support of this contention. He makes no allegation and neither identifies nor submits evidence that any defendant passed information about his sex-offender status to inmates or was aware that the information was disseminated to inmates.

To prevail on his claim as to any of the defendants, Bishop must demonstrate that the defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to the constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Bishop generally asserts an Eighth Amendment claim based on the defendants' alleged dissemination of information about his sex-

offender status, but he does not allege any facts showing any personal involvement by the defendants or point to summary judgment evidence showing that any defendant spread the information.

Bishop does not allege or identify evidence that he alerted officials of the risks of assault. Nor does he allege or identify evidence supporting an inference that the defendants were, or should have been, aware of the risk of harassment or assault by other inmates. The defendants point out that the TDCJ has a program under which an inmate in need of protection, other inmates, family members, staff, or others, can request an investigation into a potential risk of harm or injury. Bishop neither alleges nor cites evidence that he requested an investigation or protection. He neither alleges nor points to record evidence supporting a claim that TDCJ officials knew, or should have known, of a risk to his safety from inmates who knew of his sex-offender classification. On this record, there is no basis for a reasonable factfinder to conclude that any of the defendants were "subjectively aware of a substantial risk of serious harm to" Bishop, and deliberately indifferent to his safety.

## III. Conclusion

The defendants' motion for summary judgment, (Docket Entry No. 63), is granted. Dale Bishop's motion for summary judgment, (Docket Entry No. 64), is denied. The complaint is dismissed with prejudice. Final judgment is entered by separate order.

SIGNED on August 17, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

P:\CASES\prisoner-habeas\2016\Bishop Memorandum & OrderOn Motions for Summary Judgment.v5.08.17.18.wpd          7